UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALEEM JAVED and IRIS JAVED, | Civil Action No. 06 CV 1682 |
| Plaintiffs, | |
| -against- | **COMPLAINT** |
| ALBERTO GONZALEZ, Attorney General of the United States, MICHAEL CHERTOFF, Department of Homeland Security Secretary, MARY ANN GANTNER, Director, Citizenship and Immigration Services, New York City District, | |
| Defendants, | |

Plaintiffs, SALEEM JAVED and IRIS JAVED, by and through their undersigned counsel of record, and for their causes of action against the named Defendants state the following:

1. This is an action for a declaratory judgment pursuant to 28 U.S.C § 2201 for the purpose of determining a question of actual controversy between the parties as is herein more fully set forth.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is based on 28 U.S.C. § 1331, in that it is a civil action arising under the laws of the United States, the Fourteenth Amendment to the Constitution of the United States; the Immigration and Nationality Act, 8 §§ 1101(a)(42), 1157(c), 1158, 1182, 1225, 1226, 1253(h), 1329, 1362, the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, et seq., as a civil action seeking, in addition to other remedies, a declaratory judgment.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391, in that this is a civil action against an officer, agent and employee of the United States, and agencies thereof acting in their official capacity, and the decisions, which are the subject of this action, were made within the Southern District of New York.

## STATUTORY AND REGULATORY BACKGROUND

4. The U.S. immigration system divides all non U.S. citizens into two classifications. Those non U.S. citizens who come to the United States temporarily to visit for business or pleasure, to attend school or to work are classified as non-immigrants. 8 U.S.C. § 1101(a)(15). Those non U.S. citizens who come to the United States to reside permanently are classified as immigrants.

5. Of the immigrants, those who immigrate to the United States based on qualifying family- or employer- sponsorship are lawful permanent residents. 8 U.S.C. § 1101(a)(20). Lawful permanent residence is colloquially known as having a "green card." Only a lawful permanent resident can reside permanently in the United States and can apply for U.S. citizenship after a specified period of time.

6. Prospective immigrants who want to become lawful permanent residents may be sponsored by a qualifying relative.

7. Once form I-130 Immigrant Petition for a Relative is approved, the prospective immigrant relative can apply to adjust his or her status from non immigrant to immigrant status with lawful permanent residence. If the relative is in the United States, he can file an Application for Adjustment of Status to Permanent Residence (Form I-485) to the United States Citizenship and Immigration Services ("USCIS" or the "Service") (formerly known as the INS).

8. The prospective immigrant must show that he or she is qualified to become a lawful permanent resident of the United States - i.e. that he has not committed any crimes or will become a financial burden to the U.S., etc. Section 212 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182, enumerates the grounds that may disqualify a person from becoming a lawful permanent resident.

9.      Section 103 of the Immigration and Nationality Act, 8 U.S.C. § 1103(a)(1) charges the Defendant Attorney General with "the administration and enforcement of the Act and all other laws relating to the immigration and naturalization of aliens." In particular, § 103(a)(3), 8 U.S.C. § 1103(a)(3) states that the Attorney General "shall establish such regulations ... as he deems necessary for carrying out his authority under the provisions of this Act."

## THE PLAINTIFFS

10.     Plaintiff SALEEM JAVED is a resident of New York, New York. Said plaintiff is a citizen of Pakistan. Said plaintiff has been assigned A#71 495 970.

11.     Plaintiff IRIS JAVED is a resident of New York, New York. Said plaintiff is a citizen of the United States of America.

## THE DEFENDANTS

12.     Defendant ALBERTO GONZALEZ is the Attorney General of the United States. The Attorney General is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1103. In particular, INA § 212(a)(5)(C), 8 U.S.C. §1182(a)(5)(C) charges the Attorney General with the responsibility for issuing regulations to implement this provision of the law.

13.     Defendant MICHAEL CHERTOFF is the duly appointed Secretary of the Department of Homeland Security, a federal agency that is responsible for the administration and enforcement of the Immigration and Nationality Act, including the implementation of regulations under INA § 212(a)(5)(C), 8 U.S.C. § 1182(a)(5)(C).

14.     Defendant MARY ANN GANTNER is the Director of the Citizenship and Immigration Services, New York City District, the district responsible for the adjudication of Plaintiffs' application for adjustment of status.

## FACTS

15. Plaintiff SALEEM JAVED entered the United States on June 15, 1991 from Pakistan without being inspected at the border.

16. On November 15, 1993, Plaintiffs married in a civil ceremony pursuant to the laws of the State of New York.

17. On January 5, 1994, Plaintiff IRIS JAVED filed an I-130 Immigrant Petition for Relative naming plaintiff SALEEM JAVED as an immediate relative of a United States Citizen. Concurrently, plaintiffs filed form I-485 Application to Adjust Status seeking to adjust the status of Plaintiff SALEEM JAVED to that of a lawful permanent resident.

18. On April 4, 1994, the I-130 was approved by the Immigration and Naturalization Service ("INS").

19. On April 21, 1995, the plaintiffs were interviewed by an INS officer. As a result of that interview, the plaintiffs were referred to an interview conducted in accordance with the procedures enumerated in <u>Stokes v. INS</u>, No. 74, Civ 1022 (S.D.N.Y. Nov. 10, 1976) ("Stokes interview").

20. On February 6, 1996, the plaintiffs attended the Stokes interview.

21. On May 16, 1996, plaintiff SALEEM JAVED received advance parole based on an application submitted to the INS for review on April 28, 1995.

22. On July 25, 1996, the INS issued a Notice of Intent to Revoke Approval of Visa. On August 9, 1996, pursuant to the request from the INS, the plaintiffs submitted supplemental information in reply to the Notice of Intent.

23. On October 22, 1996, the previously approved I-130 was denied by the INS based on discrepancies in the testimony of the plaintiffs at the Stokes interview and submission of

allegedly fraudulent information regarding the illness of plaintiff SALEEM JAVED's mother in Pakistan in support of the application for advance parole.

24. On October 31, 1996, the aforesaid denial was appealed by plaintiffs to the Executive Office for Immigration Review, Board of Immigration Appeals ("BIA").

25. On November 20, 1996, the INS denied plaintiffs' application for change of status.

26. On March 7, 1998, plaintiffs filed a new application form I-130, which was approved by the INS on March 24, 1998.

27. On March 29, 2001, the BIA dismissed the appeal finding there were sufficient inconsistencies to support the district director's conclusion that the petitioner had not satisfied her burden of proof in these proceedings. The BIA further found "that the record is devoid of any evidence to support the district director's conclusion that the beneficiary submitted fraudulent information in order to obtain a grant of advance parole." The aforesaid decision was without prejudice to file a new visa petition on behalf of the beneficiary.

28. On April 17, 2001, plaintiff IRIS JAVEED filed form I-485 Application to Adjust Status along with supporting documents.

29. On October 25, 2001, the initial I-485 (filed January 5, 1994) was denied based upon the BIA decision dated March 29, 2001.

30. On April 18, 2002, plaintiffs attended an interview with the INS based upon the application to adjust status filed on April 17, 2001.

31. On July 26, 2002, the application to adjust status filed on April 17, 2001, was denied because the INS determined that plaintiff SALEEM JAVED submitted a fraudulent medical document in support of the application for advance parole. This finding was contrary to

the decision of the BIA dated March 29, 2001. The denial did not address the bona fides of the marriage.

32. On August 12, 2002, plaintiffs filed a Motion to Reopen and/or Reconsider the denial.

33. On May 30, 2003, plaintiffs, by their attorneys, sent a letter requesting the status of the motion. No response was received.

34. On September 14, 2003, the Honorable Carolyn Maloney, U.S. Representative for the 14th District of New York, requested the status of the motion. On August 14, 2003, the INS acknowledged receipt of the letter assigning record number 03-12439. No further response was received.

35. On March 11, 2004, Representative Maloney again requested the status of the pending motion. On March 26, 2004, the Citizenship and Immigration Services (formerly INS) acknowledged receipt of the request assigning record number 04-6780. No further response was received.

36. On August 25, 2004, plaintiff SALEEM JAVED scheduled an InfoPass appointment to inquire into the status of the motion. No further information was provided to plaintiff.

37. On September 1, 2004, Representative Mahoney inquired again into the status of the motion. No response was received.

38. On December 14, 2004, plaintiffs, by their attorneys, again sent a letter requesting the status of the motion. No response was received.

39. On March 23, 2005, plaintiffs filed a Writ of Mandamus in the United States District Court, Southern District of New York which was assigned to the Honorable Shira

Scheindlin, U.S.D.J.

40. On July 6, 2005, prior to a decision by the Court on the Writ of Mandamus, the USCIS denied plaintiffs' Motion to Reopen and/or Reconsider. The sole basis of the denial was that plaintiff SALEEM JAVED "previously submitted a fraudulent medical document in application for advance parole in May of 1996." The denial did not address the bona fides of the marriage.

41. Plaintiff has exhausted all administrative appeals and remedies.

## COUNT I
### (Arbitrary and Capricious in Violation of APA and INA)

42. Plaintiff repeats and incorporates, as if set forth fully herein, paragraphs 1 through 41.

43. The actions of defendants denying Plaintiff SALEEM JAVED's application for adjustment of status, on the sole ground that said plaintiff committed fraud is contrary to the credible evidence and contrary to the findings of the Executive Office of Immigration Review, Board of Immigration Appeals' decision dated March 29, 2001.

44. By failing to give effect to the final decision of the Executive Office of Immigration Review, Board of Immigration Appeals' decision dated March 29, 2001, defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary and capricious, and not in accordance with the law. 5 U.S.C. §§ 701, et seq.

45. As such the decision by the USCIS was arbitrary and capricious, and constitutes an abuse of discretion and are otherwise not in accordance with the Administrative Procedure Act ("the APA") at 5 U.S.C. 706(2)(A).

46. Pursuant to the Administrative Procedure Act(the "APA"), 5 U.S.C.§ 701, 706(2),

this Court is authorized to hold unlawful and set aside agency actions, including Attorney General decisions that are arbitrary, capricious, an abuse of discretion in excess of statutory authority, or otherwise not in accordance with law.

47. The defendants cannot exercise their discretion in such a manner as to depart without rational explanation from established policies, regulations, prior determinations and/or res judicata decisions, or to give effect to considerations that Congress could not have intended to be relevant to such decisions. Any such action constitutes an abuse of discretion under the APA and must be set aside.

48. Defendants were afforded an opportunity to interview plaintiffs on April 18, 2002, and did not make any finding that the plaintiffs' testimony, demeanor, or documents submitted in support of the visa petition failed to establish a bona fide marital relationship.

49. The Plaintiffs have no adequate remedy at law and will suffer and continue to suffer irreparable harm, unless the defendants are estopped from illegally, unconstitutionally and indefinitely refusing to adjust the immigration status of Plaintiff SALEEM JAVED to that of lawful permanent resident.

## COUNT III
**(Arbitrary and Capricious - Substantive Due Process Violation)**

50. Plaintiff repeats and incorporates, as if set forth fully herein, paragraphs 1 through 49.

51. Defendants' determination that plaintiff SALEEM JAVED committed fraud in an application for advance parole in 1996 is unsupported by the record, is irrational, arbitrary, and capricious and violates plaintiff's Fourteenth Amendment right to substantive due process.

52. That the record is devoid of any evidence to support the district director's conclusion that Plaintiff SALEEM JAVED submitted fraudulent information in order to obtain a

grant of advance parole, which forms the basis of the decision to revoke the approved visa petition.

53.   Defendants' actions and decisions relating to Plaintiffs' continued denial of his application to adjust status violates the INA, APA and Constitution, and is arbitrary and capricious, and, therefore, Plaintiffs seek a declaration to that effect pursuant to 28 U.S.C. § 2201.

## COUNT IV
### (Res Judicata)

54.   Plaintiff repeats and incorporates, as if set forth fully herein, paragraphs 1 through 53.

55.   The decision of the BIA dated March 29, 2001 acts as Res Judicata.

56.   Since there has been no determination that the marriage between plaintiffs is not bona fide, plaintiff SALEEM JAVED should be granted the status of lawful permanent resident.

## COUNT V
### (Collateral Estoppel)

57.   Plaintiff repeats and incorporates, as if set forth fully herein, paragraphs 1 through 56.

58.   The decision of the BIA dated March 29, 2001 must collaterally estop any determination that plaintiff SALEEM JAVED submitted a fraudulent medical document in application for advance parole.

59.   Since there has been no determination that the marriage between plaintiffs is not bona fide, plaintiff SALEEM JAVED should be granted the status of lawful permanent resident.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs SALEEM JAVED and IRIS JAVED pray for judgment against Defendants as follows:

    A.    Assume jurisdiction over this matter;

    B.    Declaring that Defendants' policies, practices and customs which deprive Plaintiff SALEEM JAVED adjustment of status to lawful permanent residence in the United States violate the United States Constitution, the Immigration and Nationality Act, and the Administrative Procedure Act;

    C.    Declaring that Plaintiff SALEEM JAVED is entitled to adjust his status to that of lawful permanent residence.

    D.    Judgment against all Defendants for attorneys' fees and costs incurred herein; and

    E.    For such other and further relief as the court deems just and proper.

    Respectfully submitted,

    PASKOFF & TAMBER, LLP
    Attorneys for the Plaintiffs


BY:_____
    Adam Paskoff (AP 3524)
    225 W. 34th Street, Suite 1303
    New York, NY 10122
    (212) 643-5454