MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SALEEM JAVED and IRIS JAVED,
                                                                :
                    Plaintiffs,
                                                                :          ANSWER
          - v. -
                                                                :          06 Civ. 1682 (SAS)
ALBERTO GONZALES, Attorney General
of the United States; MICHAEL CHERTOFF,          :          ELECTRONICALLY FILED
Department of Homeland Security Secretary; and
MARY ANN GANTNER, Director, Citizenship          :
and Immigration Services, New York City District;
                                                                :
                    Defendants.
--------------------------------------------------------------x

      Alberto Gonzales, Attorney General of the United States; Michael Chertoff, United States

Secretary of Homeland Security; and Mary Ann Gantner, District Director of the new York District

office of United States Citizenship Immigration Services ("CIS") (collectively, "defendants" or

"Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District

of New York, hereby answer the complaint of plaintiffs Saleem Javed and Iris Javed (collectively,

"plaintiffs"), upon information and belief, as follows:

      1.     Neither admit nor deny the allegations in paragraph 1 of the complaint because they

constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to

which no response is required; and respectfully refer the Court to the statute cited in paragraph 1 for

an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 1 is required, defendants deny the allegations.

2. Neither admit nor deny the allegations in paragraph 2 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 2 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 2 is required, defendants deny the allegations.

3. Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 3 for an accurate statement of its provisions.

4. Neither admit nor deny the allegations in paragraph 4 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 4 for an accurate statement of its provisions.

5. Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 5 for an accurate statement of its provisions.

6. Neither admit nor deny the allegation in paragraph 6 because they constitute conclusions of law, to which no response is required.

7. Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required; except admit that on March 1, 2003, the INS ceased to exist as an independent agency of the United States Department of Justice, and its functions respecting the adjudication of applications for immigration benefits (such as the application for a discretionary adjustment of immigration status at issue in this case) were assumed

- 2 -

by the CIS in the United States Department of Homeland Security.  See Homeland Security Act of

2002, Pub. L. 107-296, §§ 451(b) & 471(a), 116 Stat. 2135, 2185, 2205 (Nov. 25, 2002); see also

68 Fed. Reg. 10922-01, 2003 WL 735330 (Mar. 6, 2003); Clark v. Martinez, 125 S. Ct. 716, 720 n.1

(2005); Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004).

8.    Neither admit nor deny the allegations in paragraph 8 because they constitute

conclusions of law, to which no response is required; and respectfully refer the Court to the statute

cited in paragraph 8 for an accurate statement of its provisions.

9.    Neither admit nor deny the allegations in paragraph 9 because they constitute

conclusions of law, to which no response is required; and respectfully refer the Court to the statutes

cited in paragraph 9 for accurate statements of their provisions.

10.    Deny knowledge or information sufficient to form a belief as to the accuracy of the

allegations in paragraph 10, except admit that the CIS has assigned plaintiff Saleem Javed an alien

registration number of A71 495 970.

11.    Deny knowledge or information sufficient to form a belief as to the accuracy of the

allegations in paragraph 11.

12.    Neither admit nor deny the allegations in paragraph 12 because they constitute

conclusions of law, to which no response is required; except admit that defendant Alberto Gonzales

is the Attorney General of the United States; and respectfully refer the Court to the statutes cited in

paragraph 12 for accurate statements of their provisions.

13.    Neither admit nor deny the allegations in paragraph 13 because they constitute

conclusions of law, to which no response is required; except admit that defendant Michael Chertoff

is the United States Secretary of Homeland Security; and respectfully refer the Court to the statute cited in paragraph 13 for an accurate statements of its provisions.

14.     Neither admit nor deny the allegations in paragraph 14 because they constitute conclusions of law, to which no response is required; except admit that: (1) defendant Mary Ann Gantner is the District Director of the CIS's New York District; (2) plaintiff Saleem Javed submitted an application to the New York District office of the former INS for a discretionary adjustment of his immigration status to that of a lawful permanent resident of the United States ("adjustment application" or "I-485 application"), pursuant to § 245(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1255(a); (3) on July 26, 2002; the INS issued a decision denying the adjustment application; (4) on ora about April 29, 2005, plaintiffs submitted a motion to the CIS (as the INS's successor agency) for reconsideration of the INS's denial of Saleem Javed's adjustment application; and (5) on July 6, 2005, the CIS issued a decision denying plaintiff's motion for reconsideration.

15.     Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 15.

16.     Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 16.

17.     In response to the allegations in paragraph 17, defendants admit that: (1) on or about January 15, 1994, plaintiff Iris Javed submitted a petition ("visa petition" or "I-130 petition") to the former INS on behalf of plaintiff Saleem Javed in order to classify him as the immediate relative (i.e., spouse) of a United States citizen for immigrant visa purposes, pursuant to INA §§ 201(b)(2)(A)(I) and 204(a)(1)(A), 8 U.S.C. §§ 1151(b)(2)(A)(I) & 1154(a)(1)(A)(ii); (2) concurrently

--5--

with the visa petition, and based upon it, Saleem Javed submitted an adjustment application to the INS's New York District office.

18.     Admit the allegation in paragraph 18.

19.     Admit the allegations in paragraph 19; and respectfully refer the Court to the judicial decision cited in paragraph 19 for an accurate statement of its holding.

20.     Admit the allegations in paragraph 20.

21.     Admit the allegations in paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 22; except admit that on or about July 25, 1996, the INS issued to Iris Javed a notice of its intent to revoke its prior approval of her visa petition on Saleem Javed's behalf.

23.     Admit the allegations in paragraph 23.

24.     Admit the allegations in paragraph 24.

25.     Admit the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26; and aver that on or about March 7, 1998, Iris Javed submitted a second I-130 petition to the INS on Saleem Javed's behalf, and that the INS approved that I-130 petition on or about March 24, 1998.

27.     Neither admit nor deny the allegations in paragraph 27 because they constitute conclusions of law, to which no response is required; except admit that the Board of Immigration Appeals ("BIA") issued a decision dated March 29, 2001 in which it dismissed Iris Javed's appeal from the INS's denial of her I-130 petition; and respectfully refer the Court to the BIA's decision for a true and accurate statement of its contents.

--6--

28.      Deny the allegations in paragraph 28 that Iris Javed submitted an adjustment application to the INS on April 17, 2001; aver, rather, that on or about that date, Saleem Javed submitted a second adjustment application to the INS; and admit the remaining allegations in paragraph 28.

29.      Admit the allegations in paragraph 29.

30.      Admit the allegations in paragraph 30.

31.      In response to the allegations in paragraph 31, defendants admit that the INS issued a decision dated July 26, 2002 denying Saleem Javed's second adjustment application; and respectfully refer the Court to the INS's July 26, 2002 decision for a true and accurate statement of its contents.

32.      In response to the allegations in paragraph 32, defendants deny that plaintiffs submitted a motion to the INS for reconsideration of its July 26, 2002 decision on August 12, 2002; and aver, rather, that that motion was submitted to the CIS (as the INS's successor agency) on or about April 29, 2005.

33.      Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 33; and avers that the administrative file ("A file") maintained by the CIS (and formerly the INS) with respect to Saleem Javed (alien registration number A71 495 970) does not contain a letter from counsel dated May 30, 2003, "requesting the status of the motion," nor any written response by the CIS thereto.

34.      Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 34; and avers that the Saleem Javed's A file does not contain any written

--7--

"request[ for] the status of the motion," dated September 14, 2003, from United States Representative Carolyn Maloney, nor any written response by the CIS thereto.

35.    Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 35; and avers that the Saleem Javed's A file does not contain any written "request[ for] the status of the motion," dated March 11, 2004, from United States Representative Carolyn Maloney, nor any written response by the CIS thereto.

36.    Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 36.

37.    Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 37; and avers that the Saleem Javed's A file does not contain any written "inquir[y] into the status of the motion," dated September 1, 2004, from United States Representative Carolyn Maloney, nor any written response by the CIS thereto.

38.    Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 38; and aver that the Saleem Javed's A file does not contain a letter from counsel dated December 14, 2004, "requesting the status of the motion," nor any written response by the CIS thereto.

39.    Deny the allegations in paragraph 39 that plaintiffs "filed a writ of mandamus" in this District; aver, rather, that they filed a complaint in which they asserted that the Court had jurisdiction to consider their claims under the mandamus statute, 28 U.S.C. § 1361; and admit the remaining allegations in paragraph 39.  In further response to the allegations in paragraph 39, defendants aver that the "writ of mandamus" was abolished over 70 years ago, with the promulgation of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are

--8--

abolished."); <u>see also</u> <u>In re Nagy</u>, 89 F.3d 115, 116 (2d Cir. 1996) (same); <u>Espin v. Gantner</u>, 381 F.

Supp. 2d 261, 263-64 (S.D.N.Y. 2005) (same); <u>Cordoba v. McElroy</u>, 78 F. Supp. 2d 240, 242

(S.D.N.Y. 2000) (same); <u>see also</u> Fed. R. Civ. P. 1 (Rules "govern procedure in the United States

district courts in all suits of a civil nature"); Fed. R. Civ. P. 2 (Rules establish "one form of action

to be known as [a] 'civil action'") (quotation marks in original).

40.     In response to the allegations in paragraph 40, defendants admit the CIS issued a

decision dated July 6, 2005 denying plaintiffs' motion to reconsider the INS's July 26, 2002

decision; and respectfully refer the Court to the CIS's July 6, 2005 decision for a true and accurate

statement of its contents.

41.     Neither admit nor deny the allegation in paragraph 41 because it constitutes a

conclusion of law, to which no response is required.  To the extent that a further response to the

allegation in paragraph 41 is required, defendants deny the allegation.

42.     In response to paragraph 42, defendants incorporate as if restated herein their

responses, <u>supra</u>, to paragraphs 1 through 41 of the complaint.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44; and respectfully refer the Court to the statutes

cited in paragraph 44 for accurate statements of their provisions.

45.     Deny the allegations in paragraph 45; and respectfully refer the Court to the statute

cited in paragraph 45 for an accurate statement of its provisions.

46.     Neither admit nor deny the allegations in paragraph 46 because they constitute

conclusions of law, to which no response is required; and respectfully refer the Court to the statutes

--9--

cited in paragraph 46 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 46 is required, defendants deny the allegations.

47.    Neither admit nor deny the allegations in paragraph 47 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 47 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 47 is required, defendants deny the allegations.

48.    Deny the allegations in paragraph 48; except admit that the INS interviewed plaintiffs in connection with Iris Javed's visa petition on ora about April 18, 2002.

49.    Neither admit nor deny the allegations in paragraph 49 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 49 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 49 is required, defendants deny the allegations.

50.    In response to paragraph 50, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 49 of the complaint.

51.    Deny the allegations in paragraph 51, and respectfully refer the Court to the Due Process Clause of the United States Constitution, cited in paragraph 51, for an accurate statement of its provisions.

52.    Deny the allegations in paragraph 52.

53.    Deny the allegations in paragraph 53, and respectfully refer the Court to the United States Constitution and statutes cited in paragraph 53 for an accurate statement of its provisions.

54.    In response to paragraph 54, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 53 of the complaint.

--10--

55.    Neither admit nor deny the allegations in paragraph 55 because they constitute conclusions of law, to which no response is required.  To the extent that a further response to the allegations in paragraph 55 is required, defendants deny the allegations.

56.    Deny the allegations in paragraph 56.

57.    In response to paragraph 57, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 56 of the complaint.

58.    Neither admit nor deny the allegations in paragraph 58 because they constitute conclusions of law, to which no response is required.  To the extent that a further response to the allegations in paragraph 58 is required, defendants deny the allegations.

59.    In response to the allegations in paragraph 59 of the complaint, defendants refer the Court to their response to the allegations in paragraph 56, which are identical to those in paragraph 59.

<u>AS AND FOR A FIRST DEFENSE</u>

The Court lacks jurisdiction over the subject matter of this action.

<u>AS AND FOR A SECOND DEFENSE</u>

"It is settled that the judiciary will not interfere with the visa-issuing process." Wan Hsieh Shih v. Kiley, 569 F.2d 1169, 1171 (2d Cir. 1978) (citing cases).

<u>AS AND FOR A THIRD DEFENSE</u>

Plaintiffs' claims are unripe for review.

--11--

## AS AND FOR A FOURTH DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

## AS AND FOR A FIFTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs have failed to show that they are owed a peremptory duty that defendants have refused to perform.

## AS AND FOR A SEVENTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

## AS AND FOR AN EIGHTH DEFENSE

Saleem Javed is currently ineligible for a grant of adjustment of immigration status because he is inadmissible to the United States.  See 8 U.S.C. § 1255(a).

## AS AND FOR A NINTH DEFENSE

Saleem Javed does not merit adjustment of his immigration status as a favorable exercise of the CIS's discretion.

## AS AND FOR A TENTH DEFENSE

Saleem Javed is currently ineligible for a grant of adjustment of immigration status because he does not have an "immediately available" immigrant visa.  See 8 U.S.C. § 1255(a)(3), see also Spata v. INS, 442 F.2d 1013, 1014 (2d Cir. 1971).

--12--

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims are barred by INA § 242(a)(2)(B)(I), 8 U.S.C. § 1252(a)(2)(B)(I) (Supp. IV 1998) (barring review of "any judgment" of the Attorney General respecting adjustment of immigration status).

## AS AND FOR A TWELFTH DEFENSE

The decisions issued by the INS on July 26, 2002 denying Saleem Javed's adjustment application, and by the CIS on July 6, 2005 denying plaintiffs' motion to reconsider the INS's July 26, 2002 decision, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the INS's broad discretion in immigration matters.

## AS AND FOR A THIRTEENTH DEFENSE

The CIS is constrained by statute from granting Saleem Javed's adjustment application until the Federal Bureau of Investigation has completed an investigation into his background based upon his fingerprints.  See Pub. L. No. 103-317, Title V, § 506(d), 108 Stat. 1725, 1766 (1994).

## AS AND FOR A FOURTEENTH DEFENSE

The length of time that Saleem Javed's adjustment application and reopening motion were pending was attributable to plaintiffs' own actions.

## AS AND FOR AN FIFTEENTH DEFENSE

Saleem Javed lacks standing to bring any challenge respecting Iris Javed's visa petition, and Iris Javed lacks standing to bring any challenge respecting Saleem Javed's adjustment applications.

--13--

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing

the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
       June 19, 2005

                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York
                                  Attorney for Defendants

By:   /S/_____
        F. JAMES LOPREST, JR.
        Special Assistant United States Attorney
        86 Chambers Street, Room 410
        New York, New York  10007
        Tel. No.:  (212) 637-2728
        (FJL:3210)

TO:   ADAM PASKOFF, ESQ.
       PASKOFF & TAMBLER, LLP
       Attorneys for Plaintiffs
       225 West 34th Street, Suite 1504
       New York, NY  10122