UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SALEEM JAVED and IRIS JAVED,

              :

        Plaintiffs,

              :

        - v. -

              :     06 Civ. 1682 (SAS)

ALBERTO GONZALES, Attorney General
of the United States; MICHAEL CHERTOFF,    :     ELECTRONICALLY FILED
Department of Homeland Security Secretary; and
MARY ANN GANTNER, Director, Citizenship    :
and Immigration Services, New York City District;

              :

        Defendants.
------------------------------------------------------------------x

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' "MOTION FOR REVIEW" AND IN SUPPORT OF THE GOVERNMENT'S CROSS-MOTION TO DISMISS THE COMPLAINT

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                86 Chambers Street
                                New York, New York  10007
                                Tel. No.: (212) 637-2728
                                (FJL:3210)

F. JAMES LOPREST, JR.,
Special Assistant United States Attorney

        – Of Counsel –

# **TABLE OF CONTENTS**

Preliminary Statement........................................................................................................1

Statement of the Case........................................................................................................4

ARGUMENT:

POINT I – THE COURT SHOULD DISMISS THE COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION......................................................6

A.    The Political Branches' Plenary Power Over Immigration
to the United States and the Deferential Standard of Judicial Review...............................6

B.    The Law Governing Adjustment of Immigration Status.......................................................7

C.    The Court Should Dismiss the Complaint Because
Plaintiffs Claims Are Barred by INA § 242(a)(2)(B)(i)...........................................................9

D.    The Court Should Also Dismiss the Complaint Because
Plaintiffs Have Failed to Exhaust Administrative Remedies.................................................11

E.    Plaintiffs Fail to Allege a Valid Statutory Basis
For the Court To Exercise Jurisdiction Over Their Claims.................................................13

    1.    Plaintiffs' Assertions of Jurisdiction Under the INA Are Frivolous....................14

    2.    The Court Lacks Federal Question Jurisdiction Because Plaintiffs
Have No Protected Interest in Adjustment of Saleem's Immigration Status.........15

    3.    The Court Also Lacks APA Jurisdiction.............................................................16

POINT II – THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH THE COURT MAY GRANT RELIEF.............19

POINT III – THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE
PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA...21

Conclusion.........................................................................................................................23

i

## FEDERAL CASES

Abdullah v. INS, 184 F.3d 158, 164 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

Aliens for Better Immigration Laws v. United States, 871 F. Supp. 182, 185
(S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

Almario v. Attorney General, 872 F.2d 147, 151 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . - 16 -

Amarante v. Rosenberg, 326 F.2d 58, 61 (9th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

Anetekhai v. INS, 876 F.2d 1218, 1222 & n.5 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . - 16 -

Antares Aircraft v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991) . . . . . . . . . - 4 -

Augoustinakis v. U.S. INS, 693 F. Supp. 1554, 1554-55 (S.D.N.Y. 1988) . . . . . . . . - 12 -, - 13 -

Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

Balogun v. U.S. Atty. Gen'l, 304 F.3d 1303, 1308-09 (11th Cir. 2002) . . . . . . . . . . . . . . . - 20 -

Batista v. U.S. INS, No. 99 Civ. 2847 (MBM), 2000 WL 204535, at *3
(S.D.N.Y. Feb. 22, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -, - 17 -

Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003) . . . . . . . . . . . . . . . . . . . . . . - 13 -

Blacher v. Ridge, 436 F. Supp. 2d 602, 606 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . - 15 -

Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

Burger v. McElroy, No. 97 Civ. 8775 (RPP), 1999 WL 203353, at *4
(S.D.N.Y. Apr. 12, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

Burrafato v. U.S. Dep't of State, 523 F.2d 554, 555 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . - 16 -

Castano v. INS, 956 F.2d 236, 237 n.1 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam) . . . . . . . . . . . . . . . . . . . - 2 -

Checknan v. McElroy, 313 F. Supp. 2d 270, 275 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . - 16 -

Chiu v. U.S. Dep't of Justice, 706 F.2d 774, 777 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . - 19 -

ii

Choe v. INS, 11 F.3d 925, 928 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

City of Rome v. Verizon Communications, Inc., 362 F.3d 168, 173 (2d Cir. 2004) . . . . . . . - 13 -

Clark v. Martinez, 125 S. Ct. 716, 720 n.1 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

Cordoba v. McElroy, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . - 15 -

Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

Elkins v. Moreno, 435 U.S. 647, 667 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

FCC v. Schreiber, 381 U.S. 279, 296 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

Fed. Reg. 10922-01, 2003 WL 735330 (Mar. 6, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

Fiallo v. Bell, 430 U.S. 787, 792 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1006 (9th Cir. 2002) . . . . . . . . . - 22 -

Franchi v. Manbeck, 947 F.2d 631, 633 (2d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

Gomez v. Kissinger, 534 F.2d 518, 520 (2d Cir. 1976) (per curiam) . . . . . . . . . . . . . . . . . - 17 -

Guitard v. U.S. Sec'y of Navy, 967 F.2d 737, 740 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . - 12 -

Harris v. City of New York, 156 F.3d 243, 247 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . - 4 -

Heckler v. Ringer, 466 U.S. 602, 616 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 17 -

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

Howell v. INS, 72 F.3d 288, 290-91 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

Huli v. Way, 393 F. Supp. 2d 266, 268 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

INS v. Doherty, 502 U.S. 314, 322 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

INS v. Miranda, 459 U.S. 14, 19 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

iii

Ivy Broadcasting Co. v. A.T. & T. Co., 391 F.2d 486, 493 (2d Cir. 1968) . . . . . . . . . . . . . - 15 -

Jaskiewicz, U.S. Dept. of Homeland Security, No. 06 Civ. 3770 (DLC), 2006 WL 3431191,
at *4 (S.D.N.Y. Nov. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -, - 12 -, - 17 -, - 18 -

Joseph v. Landon, 679 F.2d 113, 115 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . - 5 -, - 21 -

Kadriovski v. Gantner, No. 04 Civ. 3168 (PKC), 2004 WL 2884261, at **4-5
(S.D.N.Y. Dec. 13, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 12 -, - 13 -

Kai Wu Chan v. Reno, 916 F. Supp. 1289, 1300 (S.D.N.Y.), reconsideration denied, 932 F.
Supp. 535, 537 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 17 -

Keane v. Chertoff, 419 F. Supp. 2d 597, 601-02 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . - 18 -

Kim v. Meese, 810 F.2d 1494, 1497 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

Kokkonen v. Guardian Life Ins., 511 U.S. 375, 378 (1994) . . . . . . . . . . . . . . . . . . . . . . - 13 -

Kudina v. INS, 2001 WL 1064789, at *3 (N.D. Ill. Sept. 10, 2001) . . . . . . . . . . . . . . . . . - 11 -

Lacy v. Principi, 317 F. Supp. 2d 444,  447 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . - 22 -

Landon v. Plasencia, 459 U.S. 21, 34 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955) . . . . . . . . . . . . . . . . - 21 -

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168
(1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

Lokko v. U.S. INS, 594 F. Supp. 623, 629 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . - 9 -

Lyons v. Scitex Corp., No. 95 Civ. 10594 (HB), 1998 WL 24371, at *1 n.1 (S.D.N.Y. Jan. 22,
1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

Maldonado-Coronel v. INS, 943 F. Supp. 376, 381 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . - 18 -

Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

McBrearty v. Perryman, 212 F.3d 985, 986 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . - 10 -

Medina v. INS, 993 F.3d 499, 503 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 21 -

Michalski v. U.S. INS, No. 00 Civ. 1216 (LAK), 2000 WL 1280972, at *1 (S.D.N.Y. Sept. 11, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

Miller v. Albright, 523 U.S. 420, 434 n.11 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

Miss America Organization v. Mattel, 945 F.2d 936, 940-41 (2d Cir. 1991) . . . . . . . . . . . - 12 -

Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1144 (9th Cir. 2002) . . . . . . . . . . . . . . . . - 11 -

North Georgia Elec. Membership Corp. v. City of Calhoun, 989 F.2d 429, 432-33 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 22 -

Office of Personnel Management v. Richmond, 496 U.S. 414, 432 (1990) . . . . . . . . . . . . - 14 -

Ofosu v. McElroy, 98 F.3d 694, 702 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 20 -

Ortiz v. INS, No. 99 Civ. 0705 (WHP), 2000 WL 728145, at *2 (S.D.N.Y. Jan. 18, 2000) . - 18 -

Phoenix Global Ventures LLC v. Phoenix Hotel Assoc., Ltd., 422 F.3d 72, 75-76 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

Presidential Gardens Assoc. v. United States ex rel. Sec'y of Housing and Urban Development, 175 F.3d 132, 139 (2d Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

Qi-Zhuo v. Meissner, 70 F.3d 136, 140-41 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . - 20 -

Randall v. Meese, 854 F.2d 472, 473, 474 (D.C. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . - 8 -

Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 477 n.4 (1999) . . - 14 -

Reno v. Flores, 507 U.S. 292, 305 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

Riley v. Gantner, No. 03 Civ. 2835 (GEL), 2003 WL 22999487, at *5 (S.D.N.Y. Dec. 22, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -, - 18 -

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) . . . . . . . . . . - 13 -

Sadowski v. INS, 107 F. Supp. 2d 451, 453 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . - 11 -

Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. Feb. 24, 2005) . . . . . . . . . . . . . . . . - 15 -

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001) . . . . . . . . . . . . . . - 21 -

Sepulveda v. Gonzales, 407 F.2d 59, 63-64 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

Sharkey v. Ganter, No. 05 Civ. 5577 (PAC), 2006 WL 177156, at *3
(S.D.N.Y. Jan. 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

Silverman v. Rogers, 437 F.2d 102, 107 (1st Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

Smith v. Dunham-Bush, Inc., 959 F.2d 6, 8 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir.
1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 22 -

Stone v. INS, 514 U.S. 386, 401 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

Swartz v. Rogers, 254 F.2d 338 (D.C. Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

Tailurishvili v. U.S. Dept. of Homeland Security, No. 03 Civ. 10224 (JSR), 2004 WL 1823561,
at *2 (S.D.N.Y. Aug. 16, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

Talwar v. U.S. INS, 00 Civ. 1166 (JSM), 2001 WL 767018, at *3 (S.D.N.Y. July 9, 2001)   - 11 -

Tang v. Reno, 77 F.3d 1194, 1196-98 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . - 19 -, - 20 -

Tongatapu Woodcraft Hawaii Ltd. v. Feldman, 736 F.2d 1305, 1308 (9th Cir. 1984) . . . . . - 21 -

United States v. Mitchell, 445 U.S. 535, 538 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

United States v. Testan , 424 U.S. 392, 399 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

Vladagina v. Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8,
2002), appeal dismissed, No. 02-6120, 2004 WL 1638248 (2d Cir. Apr. 23, 2004) (unpublished
decision) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -, - 15 -, - 18 -

Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) . . . . . . . . . . . . . . . . - 22 -

Wallace v. Gonzales, 463 F.3d 135, 137 (2d Cir. 2006) (per curiam) . . . . . . . . . . . . . . . . . . - 8 -

vi

Wan Shih Hsieh v. Kiley, 569 F.2d 1169, 1171 (2d Cir. 1978) . . . . . . . . . . . . . . . . . . - 17 -, - 18 -

Webster v. Doe, 486 U.S. 592, 599 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 17 -

Yeung v. Reno, 868 F. Supp. 53, 59 (S.D.N.Y. 1994), aff'd mem., 57 F.3d 1062
(2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -, - 20 -

Ying Wang v. Reno, No. 01 Civ. 1698 (BSJ), 2001 WL 1150343, at *2 n.1 (S.D.N.Y. Sep. 27,
2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

Zhang v. Slattery, 55 F.3d 732, 748 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

Zheng v. Reno, 166 F. Supp. 2d 875, 880-81 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . - 18 -

## FEDERAL STATUTES

5 U.S.C. § 701(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 17 -

5 U.S.C. § 701(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 17 -

8 U.S.C. § 1252(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -, - 12 -

8 U.S.C. § 1252(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

8 U.S.C. § 1253(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

8 U.S.C. § 1255(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 --5 -, - 7 -, - 8 -, - 19 -

8 U.S.C. § 1329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

8 U.S.C. §§ 1101(a)(42) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -, - 15 -

Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208,
Div. C, Title III-F, § 306, 110 Stat. 3009-546, 3009-607 to -612 (Sept. 30, 1996) . . . . . . . . - 10 -

## FEDERAL REGULATIONS

8 C.F.R. § 3.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

8 C.F.R. § 103.2(b)(1) (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

vii

8 C.F.R. § 103.5(a) (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

8 C.F.R. § 245.2 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

8 C.F.R. § 245.2(a)(5)(ii) (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -, - 12 -

## ADMINISTRATIVE DECISIONS

Matter of DaBaase, 16 I. & N. Dec. 720, 721-22, 1979 WL 44436 (BIA 1979) . . . . . . . . . . - 5 -

Matter of Patel, 1988 WL 56046, 19 I. & N. Dec. 774, 780-81 (BIA 1988) . . . . . . . . . . . . - 21 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SALEEM JAVED and IRIS JAVED,

                               :

         Plaintiffs,

                               :

         - v. -

                               :     06 Civ. 1682 (SAS)

ALBERTO GONZALES, Attorney General
of the United States; MICHAEL CHERTOFF,    :     ELECTRONICALLY FILED
Department of Homeland Security Secretary; and
MARY ANN GANTNER, Director, Citizenship    :
and Immigration Services, New York City District;

                               :

         Defendants.
------------------------------------------------------------------x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' "MOTION FOR REVIEW" AND IN SUPPORT OF
## THE GOVERNMENT'S CROSS-MOTION TO DISMISS THE COMPLAINT

### Preliminary Statement

Defendants Alberto Gonzales, Attorney General of the United States; Michael Chertoff,

United States Secretary of Homeland Security; and Mary Ann Gantner, District Director of the New

York District office of United States Citizenship Immigration Services ("CIS")[1] (collectively,

"defendants" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the

Southern District of New York, respectfully submit this memorandum of law in opposition to the

"motion for review" of plaintiffs Saleem Javed ("Saleem") and Iris Javed ("Iris") (collectively,

"plaintiffs"), and support of their cross-motion to dismiss the complaint for lack of subject matter

jurisdiction and failure to state a claim upon which the Court may grant relief, pursuant to Rules

---

[1]Andrea Quarantillo has succeeded Mary Ann Gantner as the District Director of the CIS's New York District and, therefore, her name should be substituted as a defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

1

12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Plaintiffs claim to be citizens of Pakistan and the United States, respectively, who have been married since 1993. Plaintiffs claim Iris submitted an immediate relative visa petition ("visa petition" or "Form I-130 petition") to the former Immigration and Naturalization Service ("INS")[2] on Saleem's behalf and that, based upon that visa petition, Saleem submitted an application ("adjustment application" or "Form I-485 application") to the INS for a discretionary adjustment of his immigration status to that of a lawful permanent resident of the United States. Plaintiffs claim the INS denied Saleem's adjustment application in a July 2002 decision; they further claim the CIS (as the INS's successor agency) issued a July 2005 decision in which it denied their administrative motion for reconsideration of the INS's decision, and confirmed the denial of Saleem's adjustment application. In this action – plaintiffs' second in this Court concerning the same adjustment application – plaintiffs seek a declaratory judgment that Saleem is entitled to adjustment of status.

This action is meritless and the Court should dismissed it for lack of subject matter jurisdiction and failure to state a cognizable claim, and because it is barred by the doctrine of res judicata. First, the Court lacks jurisdiction because plaintiffs' bid to overturn the CIS's denial of Saleem's adjustment application is barred by a statutory provision precluding judicial review of "any

---

[2]As of March 1, 2003, the INS ceased to exist as an agency within the United States Department of Justice, and its functions were transferred to three agencies within the United States Department of Homeland Security: (1) the CIS, responsible for administering services and benefits under the immigration laws; (2) United States Immigration and Customs Enforcement ("ICE"), responsible for enforcement of the immigration laws; and (3) United States Customs and Border Protection, responsible for, inter alia, customs inspections and the United States Border Patrol. See Homeland Security Act of 2002, Pub. L. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); 68 Fed. Reg. 10922-01, 2003 WL 735330 (Mar. 6, 2003); see also Clark v. Martinez, 533 U.S. 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam); Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004).

judgment" by the CIS regarding the granting of adjustment.  See Argument, Point I.C, infra, at 9-11.
The Court also lacks jurisdiction because plaintiffs have failed to exhaust administrative remedies,
i.e., the immigration laws do not permit an unsuccessful adjustment applicant to seek direct district
court review but, rather, require him to renew his application before an Immigration Judge ("IJ") in
administrative removal proceedings, and, if that proves unsuccessful, take an administrative appeal
to the Board of Immigration Appeals ("BIA") (and if that, too, proves unsuccessful, seek further
review in an appropriate circuit court).  See Argument, Point I.D, infra at 12-13.  Finally, even
setting aside those barriers to review, plaintiffs have not met their burden to demonstrate that this
Court has subject matter jurisdiction because although they allege that jurisdiction lies under various
statutes – including the federal question statute and the Administrative Procedure Act ("APA") –
claims involving immigration status adjustment are not susceptible to jurisdiction under those
provisions because, inter alia, aliens lack any constitutionally or statutorily protected interest in their
immigration status, and adjustment of status is wholly discretionary with the CIS.  See Argument,
Point I.E, infra, at 13-18.

Plaintiffs also fail to state a claim upon which the Court may grant relief because they have
not demonstrated Saleem's eligibility for the relief they seek.  To the contrary, their complaint
alleges that Saleem entered the country unlawfully, making him ineligible for an exercise of the
CIS's discretion under the adjustment statute.  See Argument, Point II, infra, at 19-21.

Finally, the complaint should also be dismissed under the doctrine of res judicata because
plaintiffs could have obtained review of their claims in the prior proceeding before this Court, but
failed to avail themselves of that opportunity.  See Argument Point III, infra, at 21-22.

## STATEMENT OF THE CASE[3]

Plaintiffs claim Saleem is a native and citizen of Pakistan. <u>See</u> Complaint, dated March 2, 2006 ("Complaint") ¶ 15. They claim he entered the United States unlawfully in June 1991 by crossing the United States border while evading inspection by immigration officers. <u>Id.</u> Plaintiffs claim they got married in November 1993. <u>Id.</u> ¶ 16. In January 1994, they claim, Iris submitted a visa petition to the INS on Saleem's behalf in order to classify him as the immediate relative (<u>i.e.</u>, spouse) of a United States citizen for immigrant visa purposes, pursuant to §§ 201(b)(2)(A)(i) and 204(a)(1)(A) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. §§ 1151(b)(2)(A)(i) & 1154(a)(1)(A)(ii). Complaint ¶ 17. Concurrently with the visa petition and based upon it, Saleem submitted an adjustment application to the INS, seeking a discretionary adjustment of his immigration status to that of a lawful permanent resident of the United States, pursuant to INA § 245(a), 8 U.S.C. § 1255(a). Complaint ¶ 17.

Plaintiffs claim that although Iris's visa petition on Saleem's behalf was initially approved, the INS later issued a decision revoking its approval. Complaint ¶¶ 18-23. Plaintiffs claim they filed an administrative appeal of the INS's decision with the BIA. <u>Id.</u> ¶ 24.[4] They claim the BIA

---

[3]For the purposes of this motion, the Government presumes the accuracy of the factual allegations contained in plaintiffs' complaint. <u>See, e.g.</u>, <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Harris v. City of New York</u>, 156 F.3d 243, 247 (2d Cir. 1999). The Court may, however, refer to evidence outside the pleadings in order to resolve factual issues on which the existence of its jurisdiction depends. <u>See, e.g.</u>, <u>Antares Aircraft v. Federal Republic of Nigeria</u>, 948 F.2d 90, 96 (2d Cir. 1991) (citing cases).

[4]Although the complaint states that "plaintiffs" filed the administrative appeal, only Iris had standing to seek such review. <u>See</u> 8 U.S.C. § 1154(a)(1)(A)(i) (providing only that "[a]ny citizen" may file petition with Attorney General); 8 C.F.R. § 103.3(a)(iii)(B) (2004) ("affected party" for purposes of adverse decision means "the person or entity with legal standing" and "does not include (continued...)

4

dismissed their appeal in March 2001, id. ¶¶ 24, 27, and that the INS denied Saleem's adjustment

application in October 2001,  id. ¶ 29.

Plaintiffs claim that while their BIA appeal was pending, Iris submitted a second visa petition

on Saleem's behalf.  Complaint ¶ 26. They claim the INS approved that petition in March 1998.  Id.

They claim Saleem submitted a second adjustment application to the INS in April 2001, but that the

agency again denied him immigration status adjustment in a decision dated July 26, 2002.  Id. ¶¶ 28,

30, 31.[5]  On August 12, 2002, plaintiffs claim, they submitted an administrative motion to the INS

to reconsider its July 26, 2002 decision.  Id. ¶ 32.

Claiming the CIS (as the INS's successor agency) was unresponsive to their inquiries,

plaintiffs filed a civil action seeking to compel a decision on their reconsideration motion.  Id. ¶ 33-

39; see also Javed v. Gonzales, No. 05 Civ. 3151 (SAS) (S.D.N.Y. complaint filed March 23, 2005)

("Javed I").  On July 6, 2005, the CIS issued a decision denying plaintiffs' motion, and confirming

the INS's denial of Saleem's adjustment application.  Complaint ¶ 40.  On September 19, 2005, this

Court issued an Order in which it held that "[t]he parties have informed the Court that the

Government has taken the action requested of it in plaintiffs' mandamus action," and directed the

Clerk to close the case.  See Javed I, No. 05 Civ. 3151 (SAS) (S.D.N.Y. judgment entered Sept. 21,

2005).

---

[4](...continued)
the beneficiary of a visa petition"); see also Joseph v. Landon, 679 F.2d 113, 116-17 (7th Cir. 1982)
("only the petitioner . . .  and not the beneficiary of the visa petition . . . has standing to appeal")
(citing cases); Matter of DaBaase, 16 I. & N. Dec. 720, 721-22, 1979 WL 44436 (BIA 1979) ("The
'party affected' in visa petition cases is the petitioner.") (citing cases) (footnote omitted).

[5]Evidently erroneously, the complaint states that the second Form I-485 application was filed by
"Iris Javeed [sic]"  See Complaint ¶ 28.

Approximately five months later, plaintiffs filed the instant action seeking a declaratory judgment that Saleem is "entitled to adjust his status to that of lawful permanent residence." See Complaint, "Wherefore" clause, ¶ C. The matter was assigned to this Court, as related to Javed I, and the Government filed its answer on June 19, 2006. Now plaintiffs have served the Government with a "motion for review."

## ARGUMENT

## POINT I

## THE COURT SHOULD DISMISS THE COMPLAINT
## FOR LACK OF SUBJECT MATTER JURISDICTION[6]

**A.    The Political Branches' Plenary Power Over Immigration
to the United States and the Deferential Standard of Judicial Review**

As the Supreme Court has recognized, "[t]he responsibility for regulating the relationship

---

[6]As a threshold matter, plaintiffs' "motion for review" should be denied out of hand. That submission identifies no rule under which plaintiffs are proceeding and describes no form of relief that plaintiffs are seeking. See generally Plaintiffs' Memorandum of Law in Support of Motion for Review ("Pl. Mem."). Rather, the submission only sets forth plaintiffs' argument that the Court has subject matter jurisdiction to issue a declaratory judgment that Saleem is eligible for a discretionary adjustment of immigration status -- a claim that is unsupported by the applicable law and plaintiffs' own allegations. See Argument Points I & II, infra, at 9-18 & 19-21.

Moreover, the submission fails to comply with basic rules of practice: (1) plaintiffs failed to file their submission (although the Court's docket sheet indicates plaintiffs attempted to file the submission manually on November 6, 2006, that attempt was rejected because this case is docketed under the Court's electronic case filing ("ECF") system, and no subsequent attempt was made), see Fed. R. Civ. P. 5(d) (generally requiring written motions to be "filed with the court"); see also Local Civil Rule 6.1 (similar rule); cf. Phoenix Global Ventures LLC v. Phoenix Hotel Assoc., Ltd., 422 F.3d 72, 75-76 (2d Cir. 2005) (discussing rejected filing attempt under ECF system); (2) plaintiffs also failed to file (or serve) a notice of motion with their submission, see Fed. R. Civ. P. 7(b)(1); Local Civ. R. 6.1; see also, e.g., Lyons v. Scitex Corp., No. 95 Civ. 10594 (HB), 1998 WL 24371, at *1 n.1 (S.D.N.Y. Jan. 22, 1998) (failure to submit notice of motion violates rules); and (3) plaintiffs failed to sign the copy of the submission served upon the Government, see Local Civil R. 11.1.

between the United States and our alien visitors has been committed to the political branches of the

Federal Government.  Over no conceivable subject is the legislative power of Congress more

complete."  Reno v. Flores, 507 U.S. 292, 305 (1993) (citations and internal quotation marks

omitted); accord Landon v. Plasencia, 459 U.S. 21, 34 (1982) ("The power to regulate immigration --

an attribute of sovereignty essential to the preservation of any nation -- has been entrusted by the

Constitution to the political branches.").  Thus, it has repeatedly instructed that judicial review in

immigration matters is narrowly circumscribed.  See INS v. Aguirre-Aguirre, 526 U.S. 415, 425

(1999) ("we have recognized that judicial deference to the Executive Branch is especially appropriate

in the immigration context"); Miller v. Albright, 523 U.S. 420, 434 n.11 (1998) (same); Fiallo v.

Bell, 430 U.S. 787, 792 (1977) (same).  Specifically, the Court has stated:

> Enforcing the immigration laws, and the conditions for residency in this country, is
> becoming more difficult. . . .  Moreover, the INS is the agency primarily charged by
> Congress to implement the public policy underlying these laws. . . .  Appropriate
> deference must be accorded its decisions.

INS v. Miranda, 459 U.S. 14, 19 (1982) (citations omitted); Zhang v. Slattery, 55 F.3d 732, 748 (2d

Cir. 1995) ("it is not the role of the federal courts to administer the executive branch" in immigration

matters).

## B.    The Law Governing Adjustment of Immigration Status

INA § 245(a) permits the Attorney General to adjust the status of an eligible alien already

present in the country to that of a lawful permanent resident where the alien:  (1) has been "inspected

and admitted or paroled" into the United States; (2) has submitted an application to the INS District

Director having jurisdiction over his place of residence; (3) possesses an "immediately available"

immigrant visa; and (4) is "admissible to the United States for permanent residence."  8 U.S.C. §

7

1255(a); see also Howell v. INS, 72 F.3d 288, 290-91 (2d Cir. 1995) (discussing adjustment of immigration status); 8 C.F.R. §§ 245.1(a) & 245.2(a) (2005) (implementing regulations).[7]

An alien seeking adjustment of status bears at all times the burden of persuading the Attorney General (and his delegates) to grant that relief as a favorable exercise of his considerable discretion. Elkins, 435 U.S. at 667 ("adjustment of status is a matter of grace, not right"); Wallace v. Gonzales, 463 F.3d 135, 137 (2d Cir. 2006) (per curiam) ("Adjustment of status is a matter of grace, not of right, and the evaluation of such applications is left to the discretion of the Attorney General.") (citations omitted); Howell, 72 F.3d at 291 (adjustment considered "extraordinary relief") (quoting Jain v. INS, 612 F.2d 683, 687 (2d Cir. 1979)); Yeung v. Reno, 868 F. Supp. 53, 59 (S.D.N.Y. 1994) ("INS has great discretionary authority to deny an alien's application for adjustment of status") (citation omitted), aff'd mem., 57 F.3d 1062 (2d Cir. 1995).

An alien whose adjustment application has been denied by the CIS, and who believes the decision was erroneous, has several avenues of redress. See Howell, 72 F.3d at 290-92. He may,

---

[7]Adjustment of status is therefore the domestic analog to the process by which aliens apply for immigrant visas at consulates abroad. See, e.g., Elkins v. Moreno, 435 U.S. 647, 667 (1978) (noting that historically, to become permanent residents, all "aliens in the United States who were not immigrants had to leave the country and apply for an immigrant visa at a consulate abroad"); Choe v. INS, 11 F.3d 925, 928 (9th Cir. 1993) ("the applicant for adjustment, although physically present within the United States, is considered exactly as though he were at the border applying for initial entry") (citing cases); Castano v. INS, 956 F.2d 236, 237 n.1 (11th Cir. 1992) (adjustment is "the stateside equivalent of being issued a visa by a consular official abroad"); Randall v. Meese, 854 F.2d 472, 473, 474 (D.C. Cir. 1988) (historically, "to achieve reclassification from nonimmigrant to permanent resident status, [an] alien had to leave the country and, in the ordinary course, apply to a United States consular officer abroad for an immigrant visa") (citations omitted) (Ginsburg, then C.J.); Amarante v. Rosenberg, 326 F.2d 58, 61 (9th Cir. 1964) ("when the alien seeks an adjustment of his status . . . the Attorney General performs the same functions as does a consular officer when the alien is seeking to enter the country"); cf. Abdullah v. INS, 184 F.3d 158, 164 (2d Cir. 1999) (aliens seeking adjustment of immigration status under 1986 legalization statute "face the government in a posture more similar to that of immigrants requesting admission at the border").

8

within thirty days of the CIS's decision, file an administrative motion with the CIS for reconsideration of the decision. See 8 C.F.R. § 103.5(a) (2005). He may file a new, better-supported application. See 8 C.F.R. § 245.2 (2005) (no limit on number of adjustment applications); cf. Lokko v. U.S. INS, 594 F. Supp. 623, 629 (S.D.N.Y. 1984) (where "issues . . . revolve[d] around deficiencies in evidence," and petitioner was "not . . . precluded from filing another visa petition," holding there was "no need [for the Court] to reserve decision"). Finally, he may renew his application in administrative removal proceedings before an IJ, who is required by regulation to consider the application de novo. See 8 C.F.R. § 245.2(a)(5)(ii) (2005); see also Randall, 854 F.2d at 473-74 ("[a]t this stage, the alien is accorded a plenary hearing [at which] he has the right to be represented by counsel, to introduce evidence, and to cross-examine"). Should the IJ deny the renewed adjustment application and order the alien removed from the United States, the alien may appeal the IJ's decision, including the denial of adjustment, to the BIA. See 8 C.F.R. §§ 3.1(b)(1)-(3), 3.3(a)(1), 3.38, 240.15, & 240.37 (2006) (governing BIA appeals); see also Jain, 612 F.2d at 687 (holding that availability of review of adjustment application in deportation proceeding provides "ample process"). If a BIA appeal proves unsuccessful, and the BIA affirms the removal order, the alien has the right to petition an appropriate circuit court for review of the BIA's decision. See 8 U.S.C. § 1252(a)(1) (providing for judicial review of final orders of removal).

**C.      The Court Should Dismiss the Complaint Because**
**Plaintiffs Claims Are Barred by INA § 242(a)(2)(B)(i)**

However, a disappointed adjustment applicant may not seek direct district court review of a denial. In INA § 242(a)(2)(B)(i), Congress provided that:

[n]otwithstanding any other provision of law, no court shall have jurisdiction to review --
(i) any judgment regarding the granting of relief under section . . . 1255 of this title [8 U.S.C.

9

§ 1255, the adjustment of status provision] or (ii) any other decision or action of the Attorney General the authority for which is specified under this chapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(i) (Supp. IV 1998) (added by Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, Title III-A, § 306(c)(2), 110 Stat. 3009-546, 3009-607 (Sept. 30, 1996)).

Thus, to the extent that plaintiffs challenge the CIS's decisions to deny Saleem adjustment of status, see Complaint, ¶¶ 44-47, 51, 53, those claims are plainly barred by INA § 242(a)(2)(B)(i). The Second Circuit has held that an IJ's denial of adjustment "qualifie[s] as a discretionary 'judgment' within the meaning of 8 U.S.C. § 1252(a)(2)(B)(i). . . . Accordingly, judicial review . . . is barred by the plain language of 8 U.S.C. § 1252(a)(2)(B)." Bugayong v. INS, 442 F.3d 67, 71 (2d Cir. 2006). The Court of Appeals has also dismissed an appeal from the decision of a judge in this District holding, inter alia, that INA § 242(a)(2)(B)(i) barred judicial review of the INS's denial of an adjustment application. See Vladagina v. Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8, 2002) ("To the extent Petitioner is alleging that her [adjustment] application was denied . . . , this Court is barred by statute from exercising jurisdiction over such denial.") (citing 8 U.S.C. INA § 1252(a)(2)(B)(i)), appeal dismissed, No. 02-6120, 2004 WL 1638248 (2d Cir. Apr. 23, 2004) (summarily dismissing appeal where petitioner-appellant failed to object to Magistrate Judge's report and recommendation) (unpublished decision).

Likewise, the majority of the other courts to have considered the question – including at least seven judges in this District – have relied upon INA § 242(a)(2)(B)(i) to dismiss direct challenges to decisions related to adjustment of immigration status. See McBrearty v. Perryman, 212 F.3d 985, 986 (7th Cir. 2000) ("[t]he door-closing statute [INA § 242(a)(2)(B)(i)] means what it says";

10

challenge to INS decision denying adjustment was "thoroughly frivolous"); Sadowski v. INS, 107

F. Supp. 2d 451, 453 (S.D.N.Y. 2000) ("§ 1252(a)(2)(B)(i) . . . effectively bars judicial review of a

§ 1255 application denial"); Jaskiewicz, U.S. Dept. of Homeland Security, No. 06 Civ. 3770 (DLC),

2006 WL 3431191, at *4 (S.D.N.Y. Nov. 29, 2006) ("Congress has expressly denied judicial review

of decisions made under Section 1255 for adjustment of status") (citing Bugayong and 8 U.S.C. §

1252(a)(2)(B)(i)); Tailurishvili v. U.S. Dept. of Homeland Security, No. 03 Civ. 10224 (JSR), 2004

WL 1823561, at *2 (S.D.N.Y. Aug. 16, 2004) (same); Riley v. Gantner, No. 03 Civ. 2835 (GEL),

2003 WL 22999487, at *5 (S.D.N.Y. Dec. 22, 2003) (same); Talwar v. U.S. INS, 00 Civ. 1166

(JSM), 2001 WL 767018, at *3 (S.D.N.Y. July 9, 2001) (statute bars review of adjustment-related

decisions in removal proceeding); Burger v. McElroy, No. 97 Civ. 8775 (RPP), 1999 WL 203353,

at *4 (S.D.N.Y. Apr. 12, 1999) (same); Xin-Ming Zheng v. McElroy, No. 98 Civ. 1772 (LBS), 1998

WL 702318, at *5 (S.D.N.Y. Oct. 7, 1998) (as to adjustment, "Congress . . . specifically removed

that aspect of the immigration laws from the scope of judicial review"; dismissing complaint).[8]

The Court should likewise dismiss plaintiffs' complaint.

**D.    The Court Should Also Dismiss the Complaint Because
Plaintiffs Have Failed to Exhaust Administrative Remedies**

Even if plaintiffs' claims are not barred by INA § 242(a)(2)(B)(i), the Court lacks jurisdiction

to consider them because plaintiffs have not exhausted available administrative remedies.  Generally,

---

[8]Although a minority of courts has held that INA § 242(a)(2)(B)(i) bars jurisdiction only over discretionary decisions related to adjustment of immigration status, see, e.g., Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1144 (9th Cir. 2002); cf. Sepulveda v. Gonzales, 407 F.2d 59, 63-64 (2d Cir. 2005) (where Immigration Judge denied adjustment application as untimely, decision was nondiscretionary, and therefore subject to review by Court of Appeals), it is just such a decision that Javed challenges, see, e.g., Complaint, ¶¶ 44-47, 51, 53 (calling CIS's decisions denying adjustment and reopening "arbitrary and capricious" and "an abuse of discretion").

"no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." <u>Myers v. Bethlehem Shipbuilding Corp</u>. 303 U.S. 41, 50-51 (1938); ; <u>accord</u> <u>Miss America Organization v. Mattel</u>, 945 F.2d 936, 940-41 (2d Cir. 1991); <u>cf</u>. <u>Guitard v. U.S. Sec'y of Navy</u>, 967 F.2d 737, 740 (2d Cir. 1992) (party "may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself") (citation omitted).

As noted in Point II.B, <u>supra</u>, at 8-9, a disappointed adjustment applicant may renew his application before an IJ in removal proceedings, <u>see</u> 8 C.F.R. § 245.2(a)(5)(ii) (2006), and, should that prove unsuccessful, seek further administrative review in an appeal to the BIA, <u>see id</u>. §§ 3.1(b)(1)-(3), 3.3(a)(1), 3.38, 240.15, & 240.37 (2006), and judicial review thereafter, <u>see</u> 8 U.S.C. § 1252(a)(1) .  Thus, as Judge Cote held last November in dismissing the complaint of an unsuccessful adjustment applicant – who, like Saleem here, was not in removal proceedings – judicial review of an alien's adjustment-related claims must await the completion of the alien's removal proceeding.  <u>See, e.g.</u>, <u>Jaskiewicz</u>, 2006 WL 3431191, at *3 (dismissing complaint challenging nondiscretionary denial of adjustment because, <u>inter alia</u>, "the immigration statute has an exhaustion requirement that [plaintiff] failed to meet"); <u>see also</u> <u>Yeung</u>, 886 F. Supp. at 56 (§ 245(a) "permits an immigrant to adjust his status, but prohibits him from directly appealing unsuccessful claims in district court"), <u>aff'd mem.</u>, 57 F.3d 1062; <u>cf</u>. <u>Howell</u>, 72 F.2d at 288 (holding that alien in deportation proceeding may not seek district court review of denial of adjustment); <u>Augoustinakis v. U.S. INS</u>, 693 F. Supp. 1554, 1554-55 (S.D.N.Y. 1988) (same); <u>Kadriovski v. Gantner</u>, No. 04 Civ. 3168, 2004 WL 2884261, at **4-5 (S.D.N.Y. Dec. 13, 2004) (same; stating "[t]here is no basis to conclude that . . . the administrative process does not provide adequate

12

relief").[9]

For those reasons, as well, the Court should dismiss the complaint.

E.    **Plaintiffs Fail to Allege a Valid Statutory Basis
      For the Court To Exercise Jurisdiction Over Their Claims**

Even setting to one side the jurisdictional barrier presented by INA § 242(a)(2)(B)(i) and

plaintiffs' failure to exhaust administrative remedies, plaintiffs have not met their burden to

demonstrate that the Court has subject matter jurisdiction to consider their claims.  It is well settled

that "[t]he burden of proving jurisdiction is on the party asserting it."  Malik v. Meissner, 82 F.3d

560, 562 (2d Cir. 1996) (citation omitted); see also Kokkonen v. Guardian Life Ins., 511 U.S. 375,

378 (1994) (plaintiff faced with motion to dismiss must establish jurisdiction); Robinson v. Overseas

Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (party claiming jurisdiction must allege facts

supporting assertion) (citing cases).  Thus, the "well-pleaded complaint" rule requires a plaintiff to

state the basis for a federal court's subject matter jurisdiction on the face of her complaint.  See, e.g.,

Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003) ("a suit arises under the Constitution

and laws of the United States only when the plaintiff's statement of his own cause of action shows

that it is based upon those laws or that Constitution") (quoting Louisville & Nashville R. Co. v.

Mottley, 211 U.S. 149, 152 (1908)); City of Rome v. Verizon Communications, Inc., 362 F.3d 168,

173 (2d Cir. 2004).[10]

_____

[9]Moreover, at least two judges in this District have expressed concern that any declaratory judgment respecting an alien's eligibility for adjustment would, in light of the IJ's authority to consider the issue de novo in removal proceedings, constitute an impermissible "advisory opinion." See, e.g., Augoustinakis, 693 F. Supp. at 1554; Kadriovski, 2004 WL 2884261, at **4-5.

[10]In actions against the Government, the rule applies with greater force, inasmuch as the United States enjoys sovereign immunity from suit in the absence of a specific statutory consent to be sued.
(continued...)

1.     **Plaintiffs' Assertions of Jurisdiction Under the INA Are Frivolous**

Although plaintiffs assert that jurisdiction lies under no less than eleven statutory provisions – nine sections of the INA, the federal question statute (28 U.S.C. § 1331), and the APA (5 U.S.C. § 551, et seq.), see Complaint ¶ 2, none of them constitutes a valid basis for the Court to exercise jurisdiction over their claims.

Plaintiffs' contention that jurisdiction lies under the INA, Complaint ¶ 2, is frivolous. One of the provisions cited, 8 U.S.C. § 1253(h), does not exist, and all but one of others has nothing to do with district court jurisdiction: see, e.g., 8 U.S.C. §§ 1101(a)(42) (defining "refugee"); 1157(c) (governing refugee admissions to United States); 1158 (establishing asylum procedures); 1182 (creating grounds of inadmissibility to United States); 1225 (governing inspections by immigration officers); 1226 (governing apprehension and detention of aliens); and 1362 (establishing right to counsel at no Government expense in removal proceedings). The sole remaining INA provision, 8 U.S.C. § 1329, was amended by Congress over a decade ago specifically to provide that "[n]othing in [it] shall be construed as providing jurisdiction for suits against the United States or its agencies or officers," 8 U.S.C. § 1329 (Supp. IV 1998) (as amended by IIRIRA § 381(a)(2), 110 Stat. 3009-650 (1996)). See also Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 477 n.4 (1999) (after IIRIRA's enactment, 8 U.S.C. § 1329 "clear[ly] applies only to actions brought by

---

[10](...continued)
See, e.g., Office of Personnel Management v. Richmond, 496 U.S. 414, 432 (1990) ("authorizations for suits against the Government must be strictly construed in its favor"); United States v. Mitchell, 445 U.S. 535, 538 (1980) (waiver of sovereign immunity "cannot be implied but must be unequivocally expressed") (quoting United States v. King, 395 U.S. 1, 4 (1969)); United States v. Testan , 424 U.S. 392, 399 (1976); Presidential Gardens Assoc. v. United States ex rel. Sec'y of Housing and Urban Development, 175 F.3d 132, 139 (2d Cir. 1999) ("A showing of jurisdiction is not alone sufficient to allow the instant suit to proceed – there must also be a showing of specific waiver of sovereign immunity.").

the United States"); <u>Vladagina v. Ashcroft</u>, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *3 (S.D.N.Y. Apr. 8, 2002) (no jurisdiction under INA § 279), <u>appeal dismissed</u>, No. 02-6120 (2d Cir. Apr. 21, 2004) (summarily dismissing appeal where petitioner-appellant failed to object to Magistrate Judge's Report and Recommendation) (unpublished decision).[11]

2.    **The Court Lacks Federal Question Jurisdiction Because Plaintiffs Have No Protected Interest in Adjustment of Saleem's Immigration Status**

Nor does jurisdiction lie under the federal question statute, 28 U.S.C. § 1331, because plaintiffs lack a protected interest in Saleem's immigration status. "Federal question jurisdiction generally exists only when a well-pleaded complaint raises issues of federal law on its face." <u>Smith v. Dunham-Bush, Inc.</u>, 959 F.2d 6, 8 (2d Cir. 1992) (citation omitted); <u>Ivy Broadcasting Co. v. A.T. & T. Co.</u>, 391 F.2d 486, 493 (2d Cir. 1968) ("that federal law furnishes a necessary ingredient of a claim is insufficient as a basis for federal jurisdiction, unless the claim presents an issue requiring construction of an Act of Congress").[12] Thus, to allege jurisdiction under 28 U.S.C. § 1331, a party must identify an interest protected by the Constitution, or any federal statute or regulation, of which

---

[11]<u>See also</u> <u>Blacher v. Ridge</u>, 436 F. Supp. 2d 602, 606 (S.D.N.Y. 2006) (no jurisdiction under 8 U.S.C. § 1329); <u>Huli v. Way</u>, 393 F. Supp. 2d 266, 268 (S.D.N.Y. 2005) (same); <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 511 (S.D.N.Y. Feb. 24, 2005) (same); <u>Sadowski</u>, 107 F. Supp. 2d at 453 (same); <u>Cordoba v. McElroy</u>, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) ("contention that jurisdiction lies under [§ 1329] is entirely frivolous"); <u>Yilmaz v. McElroy</u>, No. 00 Civ. 7542 (RCC), 2001 WL 1606886, at *3 (S.D.N.Y. Dec. 17, 2001) (no jurisdiction under § 1329); <u>Michalski v. U.S. INS</u>, No. 00 Civ. 1216 (LAK), 2000 WL 1280972, at *1 (S.D.N.Y. Sept. 11, 2000) ("reliance on [§ 1329] is frivolous").

[12]Put another way, an action presents a federal question "where the complaint includes allegations either that [federal law] creates the cause of action or that [federal law] is a necessary element of the claim or that some right or interest will be defeated or sustained by a particular construction" of the Constitution or a federal statute. <u>Franchi v. Manbeck</u>, 947 F.2d 631, 633 (2d Cir.1991); <u>Huli</u>, 393 F. Supp. 2d at 268 (same); <u>Karan v. McElroy</u>, No. 02 Civ. 6678 (JGK), 2003 WL 21209769, at *2 (S.D.N.Y. May 23, 2003) (same).

he has been deprived.  See, e.g., Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within a statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir. 1980) (same); Checknan v. McElroy, 313 F. Supp. 2d 270, 275 (S.D.N.Y. 2004) (same); Batista v. U.S. INS, No. 99 Civ. 2847 (MBM), 2000 WL 204535, at *3 (S.D.N.Y. Feb. 22, 2000) (same).[13]

Plaintiffs identify no such interest because there is none.  See, e.g., Huli, 393 F. Supp. 2d at 271-72.  The Constitution and United States Code do not recognize any protected interest in an alien's lawful immigration status.  See, e.g., Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990) (alien "ha[s no] inherent property interest in an immigrant visa"); Blacher, 436 F. Supp. 2d at 606 ("there is no constitutionally protected interest in an alien's immigration status to establish federal question jurisdiction"); Rahman v. McElroy, 884 F. Supp. 782, 787 (S.D.N.Y. 1995) (alien "do[es] not have a constitutionally-protected interest" in immigration status); Aliens for Better Immigration Laws v. United States, 871 F. Supp. 182, 185 (S.D.N.Y. 1994) (same); Yilmaz, 2001 WL 1606886, at *3  (same).[14]

### 3.    The Court Also Lacks APA Jurisdiction

Nor is jurisdiction over plaintiffs' claims available through the APA because such

---

[13]  Moreover, "[s]ection 1331 is in no way a general waiver of sovereign immunity."  Doe, 635 F.2d at 94.

[14]Nor can Iris point to any protected interest in Saleem's status.  See, e.g., Anetekhai v. INS, 876 F.2d 1218, 1222 & n.5 (5th Cir. 1989); Almario v. Attorney General, 872 F.2d 147, 151 (6th Cir. 1989); Silverman v. Rogers, 437 F.2d 102, 107 (1st Cir. 1970); cf. Burrafato v. U.S. Dep't of State, 523 F.2d 554, 555 (2d Cir. 1975) (no constitutional right of citizen is violated by deportation of alien spouse); Swartz v. Rogers, 254 F.2d 338 (D.C. Cir. 1958) (same).

jurisdiction is barred to the extent that any other "statutes preclude judicial review." 5 U.S.C. § 701(a). As has been discussed, see Point I.C, supra, at 9-11, judicial review of adjustment-related determinations is barred by 8 U.S.C. § 1252(a)(2)(B)(i). See Jaskiewicz, 2006 WL 3431191, at *3 ("[j]urisdiction is not available through the APA to the extent that [8 U.S.C. § 1252(a)(2)(B)(i)] preclude[s] judicial review"). APA review is also unavailable because, as noted supra in Point I.B, supra, at 8 n.7, courts consider immigration status adjustment to be the equivalent of consular visa-issuance, a realm that is essentially beyond judicial intervention, see, e.g., Wan Shih Hsieh v. Kiley, 569 F.2d 1169, 1171 (2d Cir. 1978) ("It is settled that the judiciary will not interfere with the visa-issuing process.") (citing cases); Rivera de Gomez v. Kissinger, 534 F.2d 518, 520 (2d Cir. 1976) (precedent "preclude[s] any judicial review of the consular decision not to issue a visa") (per curiam) (citing cases).[15]

Plaintiffs' claims are also not susceptible to APA jurisdiction because, as noted in Point II.B, supra, at 8, adjustment is wholly discretionary with the Attorney General and his delegates. Chapter 7 of the APA, governing judicial review, specifically exempts from its jurisdiction review of any "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2); see also Webster v. Doe, 486 U.S. 592, 599 (1988) (termination of federal employee was discretionary action not subject to APA review). Likewise, the Second Circuit has stated:

> [M]atters solely within the INS's discretion . . . are not reviewable under the [APA].
> . . . Aside from our powerlessness to intervene, the judicial creation of such a duty

---

[15]Thus, judges in this District have recognized that the "basic principle" underlying the non-reviewability of visa applications suggests that adjustment applications are also beyond judicial review. Batista, 2000 WL 204535, at *2; see also Kai Wu Chan v. Reno, 916 F. Supp. 1289, 1300 (S.D.N.Y.) (bar to review of visa decisions "reinforces the conclusion that the district courts have no jurisdiction over matters involving adjustment of status"), reconsideration denied, 932 F. Supp. 535, 537 (S.D.N.Y. 1996).

would have the potential for mischievous interference with the functioning of already overburdened administrative agencies.

Hsieh, 569 F.2d at 1182 (citations omitted) (refusing to compel INS to investigate petitioner's immigration status); see also Cordoba, 78 F. Supp. 2d at 242 ("alleg[ation] that the APA creates an independent basis of subject matter jurisdiction [to compel adjudication of adjustment application] was foreclosed" ) (citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).[16]

Thus, in recent years, judges in this District have consistently declined to exercise APA jurisdiction over claims relating to unsuccessful adjustment applications – like plaintiffs' – and have dismissed them.  See Vladagina, 2002 WL 1162426, at *4, appeal dismissed, 2004 WL 1638248; Keane v. Chertoff, 419 F. Supp. 2d 597, 601-02 (S.D.N.Y. 2006); Saleh, 367 F. Supp. 2d at 511; Zheng v. Reno, 166 F. Supp. 2d 875, 880-81 (S.D.N.Y. 2001); Maldonado-Coronel v. INS, 943 F. Supp. 376, 381 (S.D.N.Y. 1996); Rahman, 884 F. Supp. at 787; Jaskiewicz, 2006 WL 3431191, at *3; Sharkey v. Ganter, No. 05 Civ. 5577 (PAC), 2006 WL 177156, at *3 (S.D.N.Y. Jan. 24, 2006); Riley, 2003 WL 22999487, at *4; Karan, 2003 WL 21209769, at *1; Yilmaz, 2001 WL 1606886, at *3; Xin-Ming Zheng, 1998 WL 702318, at *5.

---

[16]To the extent that plaintiffs' challenge the denial of their reopening motion, their assertion of APA jurisdiction is, if anything, less meritorious, inasmuch as a denial of reopening involves an extra layer of discretion by the agency.  See Stone v. INS, 514 U.S. 386, 401 (1995) (reopening motions are wholly discretionary); INS v. Doherty, 502 U.S. 314, 322 (1992) (motions to reopen are "disfavored" and governing regulation "is couched solely in negative terms; it requires that under certain circumstances a motion to reopen be denied, but does not specify the conditions under which it shall be granted") (citations omitted); Mardones v. McElroy, 197 F.3d 619, 624 (2d Cir. 1999) (denial of reopening motions subject to limited review only for abuse of discretion).

## POINT II

### THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH THE COURT MAY GRANT RELIEF

Even assuming arguendo that the Court has jurisdiction to consider plaintiffs' claims, the Court should dismiss their complaint for failure to state a cognizable claim. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980) (court's function on motion to dismiss is "to assess the legal feasibility of the complaint").

Plaintiffs seek a declaratory judgment that Saleem is "entitled to adjust his status to that of lawful permanent residence." See Complaint, "Wherefore" clause, ¶ C. It goes almost without saying that an alien "must establish eligibility for a requested immigration benefit." 8 C.F.R. § 103.2(b)(1) (2005). Where a claim to lawful resident status is concerned, courts have uniformly placed a heavy burden on an alien to demonstrate his eligibility. See, e.g., Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994) ("Every alien who applies for adjustment of status under 8 U.S.C. § 1255 bears the burden of proving that he meets the statutory requirements for eligibility."); Kim v. Meese, 810 F.2d 1494, 1497 (9th Cir. 1987) ("It is appropriate to impose upon the alien the obligation to assert all grounds for eligibility when he first applies for adjustment of status."); Chiu v. U.S. Dep't of Justice, 706 F.2d 774, 777 (6th Cir. 1983) ("The burden of proving entitlement [to lawful status] rests upon the applicant. . . ; his proof must be unambiguous. . . ; and any doubts must be resolved against the applicant.") (citations omitted).

Far from demonstrating Saleem's "unambiguous" entitlement to adjustment, however, plaintiffs' complaint indicates Saleem is ineligible for that relief. As noted in Point II.B, supra, at 7-8, the CIS's discretion to adjust immigration status is limited to aliens who have been "inspected and admitted or paroled" into the United States. See 8 U.S.C. § 1255(a); see also, e.g., Tang v.

19

Reno, 77 F.3d 1194, 1196-98 (9th Cir. 1996) (discussing inspection, admission, and parole as prerequisites to adjustment). The complaint, however, alleges that Saleem entered the United States "without being inspected" in 1991. Complaint ¶ 15. Although plaintiffs claim Saleem was later granted "advance parole" to reenter the United States after travel abroad, id. ¶ 21, such a reentry, if it occurred, did not "cure" Saleem's initial unlawful entry to the country. See, e.g., Balogun v. U.S. Atty. Gen'l, 304 F.3d 1303, 1308-09 (11th Cir. 2002) (discussing advance parole); Qi-Zhuo v. Meissner, 70 F.3d 136, 140-41 (D.C. Cir. 1995) (aliens under grants of advance parole "return in the same status they enjoyed when they left . . . . their journey abroad d[oes] not confer any new legal status"); Matter of G-A-C-, 1998 WL 394560, 22 I. & N. Dec. 83, 88-89 (BIA 1998) ("an alien is not 'paroled' upon the approval of his advance parole application. Instead, 'the alien is advised in advance of a departure that, if he meets certain conditions, he will be paroled into the United States when he returns.'"). As a judge in this District held – and the Second Circuit affirmed without opinion -- it was reasonable for the INS to deny adjustment to an alien who initially entered the United States without inspection – notwithstanding his later reentry under a grant of advance parole – because "Congress could have intended that those aliens who initially entered the United States illegally be barred from [adjustment] despite later legal conduct." Yeung, 868 F. Supp. at 59, aff'd mem., 57 F.3d 1062; cf. Ofosu v. McElroy, 98 F.3d 694, 702 (2d Cir. 1996) ("There is a strong public interest in compliance with the immigration laws by aliens who seek the protection of those laws.").

Moreover, it is simply incorrect for plaintiffs to insist that their marital relationship entitles Saleem to adjust his immigration status. See, e.g., Complaint ¶ 59 ("[s]ince there has been no determination that the marriage between plaintiffs is not bona fide, [Saleem] should be granted the

20

status").  Even an approved marriage-based visa petition does not of itself entitle an alien to adjustment of status.  Tongatapu Woodcraft Hawaii Ltd. v. Feldman, 736 F.2d 1305, 1308 (9th Cir. 1984) ("[i]t is important to note that a visa petition is not the same thing as a visa"; approval of petition does not guarantee visa or adjustment to alien beneficiary) (emphasis in original); Joseph v. Landon, 679 F.2d 113, 115 (7th Cir. 1982) (same); Matter of Patel, 1988 WL 56046, 19 I. & N. Dec. 774, 780-81 (BIA 1988) ("approval of a visa petition vests no rights in the beneficiary of the petition, as approval of a visa petition is but a preliminary step in the visa application process").  As the Second Circuit has held, the approval of a visa petition only "meant, in substance, that [an alien] could begin the process" of seeking lawful residence.  Mardones v. McElroy, 197 F.3d 619, 622 (2d Cir. 1999).

In sum, by plaintiffs' own allegations it appears that Saleem is ineligible for the declaratory judgment they seek, and for that reason, as well, the Court should dismiss the complaint.

## POINT III

### THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA

Finally, plaintiffs claims are barred by the doctrine of res judicata.  Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties based on the same cause of action.  See Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001) (citation omitted); cf. Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955) (under doctrine of collateral estoppel, prior judgment precludes party from relitigating "issues actually litigated and determined in the prior suit").  The touchstone of a res judicata determination is whether the litigant had the opportunity to obtain review of a contested issue in the earlier proceeding.  See, e.g., Medina v. INS, 993 F.3d 499, 503 (5th Cir. 1993).  Thus, the Second Circuit

21

has held that <u>res judicata</u> broadly bars any subsequent suit involving the same "claim" or "nucleus of operative fact." <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d 105, 108 (2d Cir. 2000); <u>see also, e.g.</u>, <u>Lacy v. Principi</u>, 317 F. Supp. 2d 444, 447 (S.D.N.Y. 2004) (<u>res judicata</u> precludes consideration of any legal theory, cause of action, or defense that <u>could have been</u> asserted in prior related action between parties) (citation omitted); <u>cf.</u> <u>Fischel v. Equitable Life Assurance Soc'y</u>, 307 F.3d 997, 1006 (9th Cir. 2002) (holding parties collaterally estopped from litigating subject matter jurisdiction where they had "had a full and fair opportunity to litigate jurisdiction" in prior proceeding); <u>North Georgia Elec. Membership Corp. v. City of Calhoun</u>, 989 F.2d 429, 432-33 (11th Cir. 1993) (same).

As has been noted, in <u>Javed I</u>, plaintiffs sought to compel the CIS to decide their administrative motion to reopen Saleem's adjustment application, and that motion was later denied. Although the Court did not close <u>Javed I</u> until more than two months after the CIS's decision, plaintiffs did not seek to file an amended complaint or otherwise raise any of the issues they present here. The Second Circuit has held that "[a] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." <u>State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld</u>, 921 F.2d 409, 418 (2d Cir. 1990) (citation omitted). Because plaintiffs had the opportunity in <u>Javed I</u> to obtain review of the claims they raise here, the Court should hold that those claims are barred as <u>res judicata</u>, and dismiss the complaint for that reason, as well.

## <u>CONCLUSION</u>

**For the foregoing reasons, the Court should deny plaintiffs' motion and dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which the Court may grant relief, and because it is barred by the doctrine of <u>res judicata</u>.**

Dated:        New York, New York
              January 22, 2007

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Defendants


                              By:       /s/_____
                                        F. JAMES LOPREST, JR. (FJL:3210)
                                        Special Assistant United States Attorney
                                        86 Chambers Street, 4th Floor
                                        New York, New York  10007-2601
                                        Tel. No.: (212) 637-2728

23