IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALEEM JAVED and IRIS JAVED,<br><br>                Plaintiffs,<br><br>      -against-<br><br>ALBERTO GONZALEZ, Attorney General of the United States, MICHAEL CHERTOFF, Department of, Homeland Security Secretary, MARY ANN GANTNER, Director, Citizenship and Immigration Services, New York City District,<br><br>                Defendants, | Civil Action No.<br>06 CV 1682 (SAS)  |

REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR REVIEW AND
IN OPPOSITION TO MOTION TO DISMISS

On the Brief:
Adam Paskoff, Esq.

Paskoff & Tamber, LLP
Attorneys for Plaintiffs
225 W. 34th Street, Suite 1303
New York, NY 10122
T (212) 643-5454
F (212) 643-2346

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF CITATIONS ............................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

I.  THIS COURT HAS SUBJECT MATTER JURISDICTION TO
    REVIEW THE DECISION AS A FINAL AGENCY DETERMINATION ................ 3

II. RES JUDICATA DOES NOT APPLY TO PLAINTIFF
    BUT DOES APPLY TO DEFENDANT .................................................................... 6

CONCLUSION ................................................................................................................ 8

# TABLE OF CITATIONS

## Cases

1. ANA Intern, Inc. v. Way, 393 F.3d 886 (9th Cir. 2004).....1
2. Chen v. Reno, 1997 WL 316482, 1997 U.S. Dist. Lexis 8072 (SDNY 1997).....5
3. Cousins v. Sec'y of the United States Dep't of Transp., 880 F.2d 603, 608 (1st Cir.1989).....3
4. Darby v. Cisneros, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993).....5
5. Guitard v. U.S. Sect'y of Navy, 967 F.2d 737, 741 (2d Cir. 1992).....4
6. Howell v. INS, 72 F 3d 288 (2d Cir. 1995).....4
7. In Re E-L-H et.al., 23 I&N Dec 814, Interim Decision 3518 2205 WL 19955655 (BIA 2005).....6
8. Kim v. Ashcroft, 340 F.Supp.2d 384 (SDNY 2004).....5
9. McCarthy v. Madigan, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).....5
10. Nakamoto v. Ashcroft, 363 F.3d 874, 878 (9th Cir.2004).....1
11. Nolasco v. United States of America, 358 F.Supp.2d 224, 239 (SDNY 2004).....3
12. Pinho v. Gonzales, 432 F.3d 193 (3rd Cir. 2005).....1, 5
13. Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 56, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993).....3
14. Sabhari v. Reno, 197 F.3d 938 (8th Cir. 1999).....4
15. Spencer Enterprises, Inc. v. U.S., 345 F.3d 683, 690 (9th Cir. 2003).....1
16. Succar v. Ashcroft, 394 F.3d 8 (1st Cir. 2005).....3
17. Transohio Sav. Bank v. Dir., Office of Thrift Supervision, 967 F.2d 598, 621 (D.C.Cir.1992.....3
18. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966).....7
19. Zadvydas v. Davis, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)..3

## Statutes

20. 5 U.S.C. §702 (APA).....4
21. 5 USC §704 (APA).....4
22. 5 U.S.C. §706 (APA).....3
23. 8 U.S.C. §1252.....1
24. 28 U.S.C. §1331 (Federal question).....4
25. 8 C.F.R. §3.1 (renumbered as §1003.1).....6

## Law Reviews

Edward L. Rubin, *Law and Legislation in the Administrative State,* 89 Colum. L.Rev. 369, 402 (1989).....3

## **PRELIMINARY STATEMENT**

The Government's memorandum of law fails to address the issues presented. This matter presents a case of first impression in the Second Circuit. The Third Circuit recently addressed the issue and found in favor of the claimant. Pinho v. Gonzales, 432 F.3d 193 (3rd Cir. 2005). The Third Circuit specifically based its opinion on its interpretation of existing Second Circuit law. The Government not only fails to distinguish Pinho, it fails to even cite it clearly ignoring the legal arguments presented in this motion as well as the arguments advanced by the Third Circuit. The Government relies on the tired argument that the Court has no authority to review a discretionary decision by the Immigration Service. This point is conceded in by Plaintiff and not argued. The argument advanced herein is that the decision of the Immigration Service was not a discretionary one. Rather, the determination of eligibility is a mandatory function of the Immigration Service regulated by statute. The Ninth Circuit concluded that it is clear that not every decision of the Attorney General that involves some element of discretion is automatically shielded from review by INA § 1252(a)(2)(B)(ii). See ANA Intern, Inc. v. Way, 393 F.3d 886 (9th Cir. 2004). The Ninth Circuit concluded herein (as did the Third Circuit), that acts immunized from review by § 1252 "are matters of pure discretion, rather than discretion guided by legal standards." ANA Intern, Inc. at 891 (citing Spencer Enterprises, Inc. v. U.S., 345 F.3d 683, 690 (9th Cir. 2003); and Nakamoto v. Ashcroft, 363 F.3d 874, 878 (9th Cir.2004)). Thus, any case cited by the Defendant relying on the non-reviewability of discretionary decisions should not be considered herein.

The Government further argues that the general principle of *res judicata* is applicable because claimant failed to advance this argument in a previous mandamus action. Clearly the Government would like to have it both ways as it argues that this action is not ripe for review

because of the possibility that the Petitioner may be placed into proceedings sometime in the future. The ripeness of the argument presented was addressed at length in the original brief and will not be repeated herein. With respect to the argument of *res judicata*, the limited nature of the prior mandamus action was to compel the Immigration Service to take action on a motion to reopen and reconsider which had been filed approximately two and a half years earlier. Because of the mandamus action, the Immigration Service "voluntarily" decided the motion to reopen and reconsider rendering the issues presented herein as ripe for determination.

I

## THIS COURT HAS SUBJECT MATTER JURISDICTION TO REVIEW THE DECISION AS A FINAL AGENCY DETERMINATION

The issue presented is a purely legal question and as such is not within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B). See Succar v. Ashcroft, 394 F.3d 8 (1st Dept. 2005), which comports with the ruling in Zadvydas v. Davis, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (judicial review exercised over a challenge to the Attorney General's authority to detain an alien indefinitely under the post-removal-period detention statute because the authority of the Attorney General to act is "not a matter of discretion" and is subject to judicial review). Here, as in Succar, there is a challenge to the Attorney General's statutory authority and not his discretion.

This court has jurisdiction to review the claim under 28 U.S.C. § 1331, which grants courts general federal question jurisdiction. See Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 56, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993); see also Succar at 20 (jurisdiction additionally lies under the Administrative Procedure Act (APA), which gives a court power to "'hold unlawful and set aside' not only agency action that is 'arbitrary' or 'capricious,' but also agency action that is 'otherwise not in accordance with law' or is 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.'" citing Cousins v. Sec'y of the United States Dep't of Transp., 880 F.2d 603, 608 (1st Cir.1989) (quoting 5 U.S.C. § 706(2)(A, C)). "It is 'central to the real meaning of 'the rule of law,' [and] not particularly controversial' that a federal agency does not have the power to act unless Congress, by statute, has empowered it to do so." Transohio Sav. Bank v. Dir., Office of Thrift Supervision, 967 F.2d 598, 621 (D.C.Cir.1992) (quoting Edward L. Rubin, *Law and Legislation in the Administrative State*, 89 Colum. L.Rev. 369, 402 (1989)) (alteration in Transohio ). When an agency action is contrary to the scope of a statutory

3

delegation of authority or is an arbitrary and capricious exercise of that authority, that action must be invalidated by reviewing courts.

While 28 U.S.C. § 1331 does not, in and of itself, create substantive rights in suits brought against the United States, Circuit Courts have found that in conjunction with the APA, does confer jurisdiction. See Sabhari v. Reno, 197 F.3d 938 (8th Cir. 1999) ("[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." citing 5 U.S.C. § 702). In addition, the Eighth Circuit further stated in Sabhari that the APA also provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. The issue of no further review was covered in detail in the original brief.

The Second Circuit in Howell v. INS, 72 F. 3d 288 (2d Cir. 1995) left open the question of whether the court had jurisdiction to review a denial of an application for adjustment when there were no deportation proceedings extant. The Howell Court stood for the proposition that the District Court lacked jurisdiction to review the Immigration Service's denial of an alien's application for adjustment of status because deportation proceedings had commenced, and the alien had an opportunity to renew his application for adjustment of status concluding that there was no exhaustion of remedies.

The Second Circuit specifically recognized that there are established exceptions to the exhaustion rule, which may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." Howell at 291 (citing Guitard v. U.S. Sect'y of Navy, 967

F.2d 737, 741 (2d Cir. 1992)). Thus, the Second Circuit concluded "[i]n the present case [Howell], we think that the district court lacked jurisdiction to review the district director's denial of Howell's application for adjustment of status <u>once deportation proceedings commenced</u>, because she failed to exhaust her administrative remedies." This language clearly suggests the right to seek review of non-discretionary determinations where no deportation proceedings have commenced.

The <u>Pinho</u> Court relied upon <u>Howell</u>, supra, and the case of <u>Chen v. Reno</u>, 1997 WL 316482, 1997 U.S. Dist. Lexis 8072 (SDNY 1997) in finding that "a litigant has a right to a prompt resolution of decisions concerning his status affording him the opportunity to make personal, educational or career plans. *See* <u>Chen</u>, 1997 WL at 2, 1997 U.S. Dist Lexis at 6-7. Chen had exhausted his administrative remedies because, as a denied applicant in deportation proceedings, he has no further options under the regulatory or statutory scheme to force a prompt decision by the agency. See <u>Id</u>. The Third Circuit cited <u>Chen</u> with approval as a proper application of the guidance given by the Supreme Court in <u>Darby v. Cisneros</u>, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), and <u>McCarthy v. Madigan</u>, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).

II

## RES JUDICATA DOES NOT APPLY TO PLAINTIFF, BUT DOES APPLY TO THE DEFENDANT

Plaintiff initially brought a mandamus action in this court to compel the decision of a motion to reconsider that had been filed on August 12, 2002 (Javed. v. Gonzales, 05 Civ. 3151 (SAS)). The specific relief sought was the adjudication of the motion to reopen and reconsider. After the mandamus action was instituted, the Immigration Service took the "voluntary" act of deciding the motion rendering the action moot. Thus, the plaintiff voluntarily withdrew the mandamus action after the Immigration Service fulfilled its obligation in rendering a decision.

The action herein arose directly as a result of the decision rendered by the Immigration Service. The decision relied solely on the position that the Plaintiff had committed fraud in procuring advanced parole in 1996. Once the Immigration Service made a final decision, the action to challenge the non-discretionary decision finding the alien inadmissible as a result of fraud. The Government's supposition failed because it does not take into account that Plaintiff, in good faith, attempted to initiate removal proceedings, but failed. Left with no option other than remaining in legal limbo, the Plaintiff initiated this action.

It is well established that *res judicata* is applicable to administrative decisions in which parties had adequate opportunity to litigate. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). The INS and its successor Department of Homeland Security have consistently maintained that the plaintiff is not entitled to adjust his status because he had committed a fraud in obtaining a travel document, despite the fact that the Board of Immigration Appeals had found, as a matter of fact and law, that the file does not contain sufficient evidence from which it can be concluded that the plaintiff had

committed a fraud. The parties had the full opportunity to litigate the issue of fraud in the appeal to the BIA resulting in the March 29, 2001 decision.

Section §3.1(g) of Title 8 (now 8 C.F.R. §1003.1(g)) of the Code of Federal Regulations provides, in pertinent part, decisions of the Board shall be binding upon all service officers and employees or Immigration Judges in the administration of the act. In Re E-L-H et.al., 23 I&N Dec 814, Interim Decision 3518 2205 WL 19955655 (BIA 2005). We argue that the BIA correctly decided the issue and such finding must be binding on all service officers and employees including those charged to review plaintiff's petition.

This Court, as in Pinho, should find the Immigration Service erred as a matter of law in determining Javed to be ineligible for adjustment of status and remand to the Immigration Court for the granting of relief consistent with this opinion.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this court accept jurisdiction of this matter and deny the Government's motion to dismiss.

Dated: New York, New York
      January 26, 2007

Respectfully submitted,

PASKOFF & TAMBER, LLP

By: _____
Adam Paskoff (AP 3524)

Attorneys for Petitioners
Saleem Javed and Iris Javed
225 W. 34th Street, Suite 1303
New York, NY 10122
T (212) 643-5454
F (212) 643-2346

8

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF NEW YORK ) SS:

    I, Carolyn Lascelles being duly sworn, says:

    I am not a party to the action, am over 18 years of age and reside at 225 West 34th Street, Suite 1303, New York, New York 10122.

    On January 29, 2007 I served the within REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REVIEW AND IN OPPOSITION TO MOTION TO DISMISS by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of U.S. Postal Service within New York State addressed to each of the following persons at the last known address set forth after each name:

To:   Alberto Gonzales, Attorney General
      F. James Loperest, Jr., AUSA
      U.S. Attorneys Office
      86 Chambers Street, Room 410
      New York, NY 10007

By: _____
    Carolyn Lascelles

Sworn to me before this
29th of January, 2007

_____
Notary

ADAM PASKOFF
Notary Public, State Of New York
No 02PA5014615
Qualified In New York County
Commission Expires July 6, 20___

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil no. 06CV 1682 (SAS)
------------------------------------------------------------------------X

SALEEM JAVED and IRIS JAVED,

                              Plaintiffs,

    -against-

ALBERTO GONZALEZ, Attorney General of the
United States, MICHAEL CHERTOFF, Department of,
Homeland Security Secretary, MARY ANN GANTNER,
Director, Citizenship and Immigration Services,
New York City District,

                              Defendants.

------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR REVIEW AND
IN OPPOSITION TO MOTION TO DISMISS**


## PASKOFF & TAMBER, LLP
Attorneys for the Petitioner
225 W. 34th Street, Suite 1303
New York, NY 10122
Tel (212) 643-5454
Fax (212) 643-2346